## TAXES PAYABLE BY A CORPORATION IN PROCESS OF DISSOLUTION.

Common Pleas Court of Hamilton County.

In re the Patent Wood Keg Company.

Decided, July 29, 1912.

*Taxation—Duty of Receiver with Reference to Return for Taxation—Of Property of a Corporation in Process of Dissolution—Section 11945.*

Where a corporation is in court for the purpose of dissolution, the receiver thereof will return for taxation the personalty so coming into his hands and will be required to pay taxes on the real estate belonging to the corporation due and to become due for the current calendar year.

*Paxton, Warrington & Seasongood,* for the receiver.

*Thomas L. Pogue,* Prosecuting Attorney, *John V. Campbell* and *Charles A. Groom,* Assistant Prosecuting Attorneys, for William A. Hopkins, County Treasurer.

Dickson, J.

All the property, real and personal, belonging to the Patent Wood Keg Company under the provisions of Section 11938 of the General Code and certain steps taken in this court and particularly the decree of dissolution of date February 7, 1912, is in the hands of a receiver—subject to the order of court.

The treasurer of Hamilton county has made application to require the receiver to pay taxes on the real estate for the year 1912, and return all of the property in his hands subject to taxation for the year 1912 and to retain sufficient money to pay the taxes thereon, and the receiver asks this court for advice in the premises.

From Sections 5328, 5370, 5372 and 5375 it is clear that all personal property in Ohio not specifically exempt is subject to taxation.

Under Section 11943 of the General Code a receiver was appointed and the corporation ceased to exist February 7, 1912.

Under Section 11945 of the General Code the receiver became vested with all the assets of the corporation from the time of filing his bond February 9, 1912, and was thereafter trustee of this estate for the benefit of the creditors and stockholders of the corporation, with all the powers conferred by law upon trustees to whom assignments are made for the benefit of creditors. This corporation with all its assets—real and personal—is in this court for the purpose of being settled. The court, through its receiver, takes the place of the corporation. The receiver is in effect the corporation.

Our Supreme Court in *McNeill, Assignee, et al* v. *Schott, Treasurer*, 51 O. S., 255, has held that personal property held by an assignee of an insolvent debtor whose estate is being settled in the probate court is not subject to taxation.

Must personal property held by a receiver of a corporation in process of dissolution, of being settled in this court, be duly returned by the receiver and be subject to taxation?

Section 11945 of the General Code provides:

"Such receiver shall be vested with all the estate, real or personal, of the corporation, from the time of his filing the security required by law, be trustee of such estate for the benefit of creditors of the corporation and its stockholders, and have all the powers conferred by law upon trustees to whom assignments are made for the benefit of creditors."

For taxation purposes are receivers of corporations in dissolution to be treated like assignees of insolvent debtors? The powers are the same—both are trustees. As a general rule all trustees pay taxes on trust property. Section 5370.

Section 6372 of the General Code provides:

"Personal property of every description   *   *   *   shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April in each year."
*   *   *

The Supreme Court had before it the above when it decided the McNeill, Assignee, case. That court evidently considered the creditors the owners. In an assignment being settled in court it is the duty of the creditors to return and not the duty

of the assignee. It would be necessary for this court to follow that holding as to assigneeships. But how stands this case?

In an assignment there is a grant. The grantor ceases to be the owner, his only interest being a contingent remainder.

In this receivership there is no grant. Whatever vesting there is is for control only. The corporation is still the owner and remains the owner until final distribution. The property still exists. Had certain court proceedings not been taken the property would be returned by the corporation even though insolvent. The mere change of name—corporation to receiver—would not make or unmake double taxation. The court, and through it the receiver, stands in the shoes of the owner.

Section 5370 of the General Code provides:

"Each person of full age and sound mind shall list the personal property of which he is the owner  *  *  *  the property of corporations whose assets are in the hands of receivers by such receivers."

The word assignee is not in this section. This court does not believe that such an omission is significant, but that the omission was due rather to carelessness—that to all intents and purposes the word assignee should be read into the statute or put there by the General Assembly. However, receivers are not omitted. Thus reason and the law both require the receiver to return and to pay.

The decision in the McNeill, Assignee, case is not altogether satisfactory. The gist of that decision is that the assets of the assigned estate were "being settled." The question at once arises, what is meant by "being settled"?

Our Supreme Court in *French, Treasurer,* v. *Bobe, Assignee,* 64 O. S., 323, in distinguishing the McNeil case, say that Bobe, Assignee, should return because with the consent of all and with the approval of the court, Bobe, Assignee, was conducting the business for profit, not to pay the debts.

The court in the Bobe, Assignee, case at page 341, say:

"As a general rule it may be said that there is no sound principle upon which the property of a person or a corporation in the hands of a receiver to be managed for the interests of those

concerned, can be regarded as exempt from the burden of taxation.''

The assignee or the receiver—both are trustees—must return the property in their care for taxation in their names as trustees.

Section 5370.   "* * * The property of a person for whose benefit property is held in trust by the trustee.''  *  *  *

Our Supreme Court in the McNeill case (*supra*), say that when property in the hands of an assignee is ''being settled,'' that as the creditors return this property, therefore the assignee need not return it for taxation.   In the Bobe, Assignee, case (*supra*), the same court say that the estate was not *being settled*, therefore the assignee must return for taxation.

*Quaere*—Is any estate in any court rightly, except when in the condition or state of being settled?

To require the creditors of a concern in the hands of the court to return their claims for taxation is productive of neither good morals nor much money.

The receiver herein will be required to return the personal property of his estate as of the day preceding the second Monday of April, 1912.   He will also be required to pay the taxes on the real estate for the year 1912.   The real property held by the receiver is subject to taxes on the day preceding the second Monday of April, 1912, and will be paid by him as receiver.   The receiver will also pay the last half of the taxes for the year 1911, due June, 1912.